UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LON A. READER,

        Plaintiff,

v.                                        Case No. 1:19-cv-1080

                                           Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant,
_____/

## OPINION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security Administration (Commissioner) which denied his claim for disability insurance benefits (DIB).

Plaintiff filed an application for DIB on February 23, 2017, alleging a disability onset date of December 8, 2008.  PageID.32.  Plaintiff identified his disabling condition as a traumatic brain injury.  PageID.201.[1]  Prior to applying for DIB, plaintiff completed an associate's degree and a bachelor's degree.  PageID.202.  He had past employment as a district manager and a service estimator.  PageID.43.  An administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on March 26, 2019.  PageID.32-45.  This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

---

[1] Medical records reflect that plaintiff fell from his motorcycle on October 8, 2003, resulting in a loss of consciousness. PageID.368.  He required surgical treatment for a brain injury.  *Id.*

1

### I. LEGAL STANDARD

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923

(6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II.    ALJ'S DECISION

Plaintiff's claim failed at the fifth step of the evaluation. At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of December 8, 2008 through his date last insured of December 31, 2017. PageID.35.[2] At the second

---

[2] The ALJ noted that "The claimant worked ten jobs after the alleged onset date. Most of them are not substantial

step, the ALJ found that through the date last insured, plaintiff had severe impairments of cognitive disorder NOS, affective disorder, anxiety, bilateral sensorineural hearing loss, and obesity. PageID.35. At the third step, the ALJ found that through the date last insured, plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.37.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c), except he can stand and/or walk for eight hours and sit for eight hours in a typical workday. He can frequently stoop, kneel, crouch, crawl, and climb ramps and stairs. He can only occasionally climb ladders, ropes, and scaffolds. He is able to hear at moderate noise levels. He is able to understand, remember, and carry out simple instructions.

PageID.38-39. The ALJ also found that through the date last insured, plaintiff was unable to perform any past relevant work. PageID.43.

At the fifth step, the ALJ found that, through the date last insured, plaintiff could perform a significant number of unskilled jobs at the medium exertional level in the national economy. PageID.43-44. Specifically, the ALJ found that plaintiff could perform the requirements of medium, unskilled work in the national economy such as stores laborer (275,000 jobs), hospital cleaner (600,000 jobs), and packager (80,000 jobs). PageID.44. Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, at any time from December 8, 2008 (the alleged onset date) through December 31, 2017 (the date last insured). PageID.44-45.

### III. DISCUSSION

Plaintiff set forth one issue on appeal:

---

gainful activity because the claimant did not earn the established minimum monthly amount. The record also indicates two unsuccessful work attempts." PageID.35 (internal citations omitted).

4

> **Administrative Law Judge Zimmerman and the Commissioner failed to address and properly apply the factors contained in 20 CFR 404.1527, which enumerate the factors to be considered in evaluating the weight of treating source medical opinions. This constitutes legal error and warrants reversal.**

Plaintiff contends that the ALJ improperly discounted the opinions of treating physicians Jason Chua, M.D., Ph.D. (PageID.1314) and Zane Knoer, D.O. (PageID.1321). It appears that plaintiff is contesting the ALJ's evaluation under the treating physician rule.[3] Under this rule, a treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). Under the regulations, a treating source's opinion on the nature and severity of a claimant's impairment must be given controlling weight if the Commissioner finds that: (1) the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) the opinion is not inconsistent with the other substantial evidence in the case record. *See Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375 (6th Cir. 2013); 20 C.F.R. § 404.1527(c)(2). Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004); 20 C.F.R. § 404.1527(c)(2) ("[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion").

    **A.**    **Dr. Chua**

Dr. Chua prepared an opinion regarding "Ability to do work-related activities (Mental)" dated November 12, 2018 [Exh. 17F]. PageID.1314-1315. This check-box opinion indicates that most of plaintiff's mental abilities needed to do unskilled work are either unlimited, very good, or "limited but satisfactory." PageID.1314. According to Dr. Chua, plaintiff's only

---

[3] Because plaintiff filed his claim before March 27, 2017, the "treating physician rule" applies to the ALJ's decision. *See* 20 C.F.R. § 404.1527.

5

"serious" limitations are in his abilities to maintain attention for a two-hour segment, complete a normal workday and workweek without interruptions from psychologically based symptoms, and to perform at a consistent pace without an unreasonable number and length of rest periods. *Id*. Dr. Chua's only narrative response for this section is that plaintiff "Requires extra effort to maintain attentional or short-term memory tasks, also requiring occasional breaks/rest." *Id*.

Plaintiff's mental abilities needed to perform semiskilled and skilled work were limited but satisfactory. PageID.1315. Finally, plaintiff's mental abilities "needed to do particular types of jobs" (*e.g.*, interact appropriately with the general public, maintain socially appropriate behavior, adhere to basic standards of neatness and cleanliness, travel in unfamiliar places, and use public transportation) were unlimited, very good, or "limited but satisfactory." *Id*. Dr. Chua's included an additional narrative response of, "Low, but potential, risk for breakthrough seizure[.] Risk is in part mitigated with medication." *Id*.

The ALJ addressed Dr. Chua's opinion as follows:

> The undersigned gives little weight to the opinion at 17F. It is not clear on the face of the exhibit who signed it (17F/2). It is also dated nearly a year after the claimant's date last insured, and thus does not provide insight into the claimant's functioning during the period at issue. The claimant's representative argued that the assessment applies to medical issues before that date, but the actual exhibit does not purport to apply prior to November 12, 2018. Furthermore, this opinion primarily consists of checkboxes, with only a few short sentences.

PageID.41.

Plaintiff's claim of error does not address the main reason why the ALJ discounted Dr. Chua's opinion, *i.e.*, the opinion did not provide insight into plaintiff's functioning during the relevant time period. "[I]nsured status is a requirement for an award of disability insurance benefits." *Garner v. Heckler*, 745 F.2d 383, 390 (6th Cir.1984). Since plaintiff's insured status for purposes of DIB expired on December 31, 2017, plaintiff cannot be found disabled unless he

6

can establish that a disability existed on or before that date. *Id.* Dr. Chua's opinions, made nearly a year after plaintiff's date last insured, do not reflect plaintiff's condition as it existed during the relevant time period. *See, e.g., Oliver v. Secretary of Health and Human Services*, 804 F.2d 964, 966 (6th Cir. 1986) (where the ALJ found that the claimant could perform light or sedentary work as of the relevant date of December 5, 1983, new medical evidence compiled in March 1985 that may show a deterioration in the claimant's condition "does not reveal further information about the claimant's ability to perform light or sedentary work in December 1983"). *See also*, *Mingus v. Commissioner*, No. 98-6270, 1999 WL 644341 at *5 (6th Cir. Aug. 19, 1999) (deterioration of the claimant's eyesight in August 1996 is not relevant to the claimant's condition as it existed on her last insured date of December 31, 1993); *VanVolkenburg v. Secretary of Health and Human Services*, No. 8-1228, 1988 WL 129913 at *3 (6th Cir. Dec. 7, 1988) (deterioration of the claimant's condition in 1987 not material to her condition in 1985).

In addition, ALJs are not bound by conclusory statements of doctors, particularly where they appear on "check-box forms" and are unsupported by explanations citing detailed objective criteria and documentation. "Many courts have cast doubt on the usefulness of these forms and agree that administrative law judges may properly give little weight to a treating physician's check-off form of functional limitations that did not cite clinical test results, observations, or other objective findings[.]" *Ellars v. Commissioner of Social Security*, 647 Fed. Appx 563, 566 (6th Cir. 2016) (internal quotation marks omitted). Here, Dr. Chua's brief narratives do not explain the numerous limitations identified in the check-box opinion. Accordingly, plaintiff's claim of error is denied as to this opinion.

### B. Dr. Knoer

Dr. Knoer partially completed a similar check-box form regarding plaintiff's mental abilities dated November 20, 2018 [Exh. 20F]. PageID.1321-1322. In contrast to Dr. Chua, Dr. Knoer indicated that plaintiff's mental abilities needed to do unskilled work are either "seriously limited" or "unable to meet competitive standards." PageID.1321. In addition, the doctor rated plaintiff's mental abilities needed to perform semiskilled and skilled work as "unable to meet competitive standards." PageID.1322. Finally, Dr. Knoer did not complete the section on plaintiff's mental abilities to perform particular types of jobs, and did not provide any narrative to support his check-box opinions. PageID.1321-1322.

The ALJ addressed Dr. Knoer's statement as follows:

> The undersigned gives little weight to the opinion at 20F. Just as with the opinion at 17F, it is not clear on the face of the exhibit who signed it (20F/2). It is also dated nearly a year after the claimant's date last insured, and thus does not provide insight into the claimant's functioning during the period at issue. Furthermore, this opinion consists solely of checkboxes and a signature, and is not supported with any explanation.

PageID.42.

As with Dr. Chua, the ALJ gave good reasons for the weight assigned to Dr. Knoer's opinion. *See* discussion in §III.A. In this regard, Dr. Knoer's opinion was even less supported because he provided no narrative to explain the numerous limitations identified in the check-box opinion, all of which concluded that plaintiff's mental functioning was "seriously limited" or "unable to meet competitive standards." Accordingly, plaintiff's claim of error is denied.

## IV. CONCLUSION

For these reasons, the Commissioner's decision will be **AFFIRMED**. A judgment consistent with this opinion will be issued forthwith.


Dated: March 16, 2021                               /s/ Ray Kent
                                                    RAY KENT
                                                    United States Magistrate Judge